UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM J. KENNEDY,

    Plaintiff,

v.                                                  Case No. 17-C-1630

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.

## DECISION AND ORDER

This is an action for judicial review of the final decision of the Commissioner of Social Security denying Plaintiff William J. Kennedy's application for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act. 42 U.S.C. § 405(g). Kennedy challenges the decision by the Administrative Law Judge (ALJ) denying him benefits, arguing that the ALJ failed to follow Social Security Administration (SSA) rulings and regulations. For the reasons stated in this opinion, the Commissioner's decision will be reversed and remanded.

## BACKGROUND

Kennedy has filed a number of applications for an award of DIB. A hearing on Kennedy's previous application, alleging disability beginning October 7, 2008, was held before ALJ Roger E. Winkelman on September 12, 2013. On October 11, 2013, ALJ Winkelman issued a decision finding Kennedy was not disabled. R. 139–49. Kennedy filed the most recent application for DIB on April 21, 2014, and an application for SSI on August 24, 2015. Both applications alleged

disability beginning October 7, 2008. After the applications were denied initially and on reconsideration, Kennedy requested an administrative hearing. ALJ Edward P. Studzinski held a hearing on August 24, 2016. R. 105–35. Kennedy, who was represented by a non-attorney representative, and a vocational expert (VE) testified. Prior to the hearing, Kennedy, through the non-attorney representative, amended the alleged onset date to October 12, 2013, the day after the date of the prior unfavorable decision. R. 33.

At the time of the second hearing, Kennedy was 51 years old and lived with his sister and her husband in a house. R. 119. Kennedy testified that he cannot work because he is in pain and does not want to leave the house. R. 117. Kennedy had a work-related injury in August 2008 after he lost his balance while carrying a heavy object. R. 637. He underwent spinal intervention, specifically a C4-C7 anterior cervical decompression arthrodesis. R. 530. Kennedy reported that he had pain in his neck, that he described as a spasm and a choking sensation, ever since. R. 115. As a result of the pain, Kennedy lays down two to three times a day for approximately 2 hours and 20 minutes each day. R. 116. Kennedy testified that his pain is constant. R. 113. He also reported that he has sporadic migraines. He indicated that he was not sure what causes the headaches but sunlight makes them worse. Kennedy testified that he stays in bed when he has a migraine. R. 114.

As to his mental impairments, Kennedy testified that he was diagnosed with depression and anxiety. R. 111. He reported having suicidal thoughts in 2013. R. 112. Kennedy explained that he does not like to be around people, does not want to get out of bed two or three times a week, and usually sits by himself. R. 112.

In a written decision dated October 31, 2016, the ALJ concluded Kennedy was not disabled. R. 31–47. Following the agency's five-step sequential evaluation process, the ALJ concluded at step one that Kennedy met the insured status requirements since December 31, 2013, and had not

engaged in substantial gainful activity since October 12, 2013, the amended alleged onset date. R. 33. At step two, the ALJ found Kennedy had the following severe impairments: obesity; disorders of the back, neck, and shoulder with a history of cervical spine decompression and fusion; pace maker implant; migraine headaches; and depression. *Id.* At step three, the ALJ determined Kennedy's impairments or combination of impairments did not meet or medically equal any listed impairments under 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 34.

After reviewing the record, the ALJ concluded Kennedy has the residual functional capacity (RFC) to

> lift and/or carry up to 20 pounds occasionally and 10 pounds frequently, and has no limitations in the total amount of time he is able to sit, stand or walk throughout an 8 hour workday. The claimant needs to alternate his position between sitting, standing, and walking for no more than five minutes out of every hour. While doing so, he would not need to be off task. The claimant can occasionally climb ramps and stairs, and he can occasionally stoop, kneel, balance, crouch and crawl, but he can never climb ladders, ropes or scaffolds. The claimant is unable to perform repetitive or extreme (greater than 75% of normal range of motion) neck flexion, rotation, or extension. He is not limited in his ability to perform such movements from 0-75% of normal ranges of motion. He can never reach overhead. He is not capable of working where he would be exposed to excessive noise or bright, flashing lights exceeding what is generally encountered in an office-type work environment. The claimant is limited to working in non-hazardous environments, i.e., no driving at work, operating moving machinery, working at unprotected heights or around exposed flames and unguarded large bodies of water, and he should avoid concentrated exposure to unguarded hazardous machinery. The claimant is further limited to simple, routine tasks, work involving no more than simple decision-making, no more than occasional and minor changes in the work setting, and work requiring the exercise of only simple judgment. He is further precluded from work involving direct public service, in person or over the phone, although the claimant can tolerate brief and superficial interaction with the public, which is incidental to his primary job duties. He is unable to work in crowded, hectic environments. The claimant can tolerate brief and superficial interaction with supervisors and co-workers, but is not to engage in tandem tasks.

R. 36–37. With these limitations, the ALJ found at step four that Kennedy is unable to perform any past relevant work as a tractor trailer driver. R. 44. Considering Kennedy's age, education, work

3

experience, and RFC, the ALJ concluded there are jobs that exist in significant numbers in the national economy that Kennedy can perform, including assembler of small products, sewing machine operator, and hand packer. R. 45. Based on these findings, the ALJ concluded Kennedy was not disabled within the meaning of the Social Security Act. R. 46. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Kennedy's request for review. Thereafter, Kennedy commenced this action for judicial review.

## LEGAL STANDARD

The Commissioner's final decision will be upheld if the ALJ applied the correct legal standards and supported his decision with substantial evidence. 42 U.S.C. § 405(g); *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). Substantial evidence is "such relevant evidence as a reasonable mind could accept as adequate to support a conclusion." *Schaaf v. Astrue*, 602 F.3d 869, 874 (7th Cir. 2010). Although a decision denying benefits need not discuss every piece of evidence, remand is appropriate when an ALJ fails to provide adequate support for the conclusions drawn. *Jelinek*, 662 F.3d at 811. The ALJ must provide a "logical bridge" between the evidence and conclusions. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

The ALJ is also expected to follow the SSA's rulings and regulations in making a determination. Failure to do so, unless the error is harmless, requires reversal. *Prochaska v. Barnhart*, 454 F.3d 731, 736–37 (7th Cir. 2006). In reviewing the entire record, the court does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Finally, judicial review is limited to the rationales offered by the ALJ. *Shauger v. Astrue*, 675 F.3d 690, 697 (7th Cir. 2012) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Campbell v. Astrue*, 627 F.3d 299, 307 (7th Cir. 2010)).

## ANALYSIS

Kennedy raises a number of challenges to the ALJ's decision, but the court finds that only one need be addressed since it is enough by itself to require a remand. Kennedy argues that the hypothetical question and the RFC failed to properly account for his moderate limitations in concentration, persistence, and pace (CPP). A claimant's RFC specifies the most that a claimant can do despite the limitations caused by his physical and mental impairments. 20 C.F.R. § 404.1545(a)(1). An ALJ assesses a claimant's RFC "based on all the relevant evidence" in the case record, including severe and non-severe impairments as well as medical and non-medical evidence. § 404.1545(e). "As a general rule, both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record." *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014); *see also Varga v. Colvin*, 794 F.3d 809 (7th Cir. 2015). Although the ALJ need not specifically include the terms "concentration, persistence, or pace" in the hypothetical or RFC, *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010), the ALJ's phrasing must accommodate the claimant's specific limitations in CPP.

The ALJ concluded in his decision that Kennedy's "moderate limitation in social functioning and concentration, persistence and pace are addressed in the residual functional capacity with simple, routine tasks." R. 42. But under the law of this circuit, this account of Kennedy's limitations is not enough. Indeed, the Seventh Circuit has "repeatedly rejected the notion that a hypothetical . . . confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace." *DeCamp v. Berryhill*, No. 18-2105, — F.3d —, 2019 WL 923692, at *4 (7th Cir. Feb. 26, 2019) (quoting *Yurt*, 758 F.3d at 858–59); *see also Radosevich v. Berryhill*, No. 17-3326, — F. App'x —, 2019 WL 286172 (7th Cir. Jan. 22, 2019). While the ALJ's hypothetical and RFC

in this case did include several limitations that went beyond "simple, routine, and repetitive tasks," the ALJ did not connect those limitations to Kennedy's specific limitations in CPP.

In addition, the Seventh Circuit has recognized that "an ALJ must explicitly address those [CPP] limitations in the hypothetical unless one of three exceptions applies: (1) the vocational expert was independently familiar with the claimant's medical file; (2) the hypothetical adequately apprised the vocational expert of the claimant's underlying mental conditions; or (3) the hypothetical otherwise accounted for the limitations using different terminology." *Lanigan v. Berryhill*, 865 F.3d 558, 565 (7th Cir. 2017) (citation omitted). In this case, there is no evidence in the record to suggest that the vocational expert engaged in an independent review of Kennedy's medical records or was independently familiar with Kennedy's CPP limitations. As a result, the VE did not have an opportunity to evaluate all of Kennedy's impairments. Because the hypothetical question to the VE or the corresponding RFC did not account for Kennedy's moderate limitations in CPP, the case must be remanded.

## CONCLUSION

For these reasons, the Commissioner's decision is **REVERSED** and **REMANDED** to the Agency pursuant to 42 U.S.C. § 405(g) (sentence four). The Clerk is directed to enter judgment accordingly.

**SO ORDERED** this  1st  day of March, 2019.

             s/ William C. Griesbach
             William C. Griesbach, Chief Judge
             United States District Court